## CIRCUIT COURT OF BALTIMORE CITY.

Filed November 24, 1916.

EMMA MADDOX FUNCK
VS.
MAYOR AND CITY COUNCIL OF BALTIMORE, ET AL.

*W. Herdman Schwatka* for complainant.

*S. S. Field*, City Solicitor, for defendant.

DAWKINS, J. —

Apart from the question of grading and curbing, there is no doubt in my mind at all that this pavement, not only from the preponderating evidence, but from the samples of the brick, is in such condition as to justify the city's action. It seems to me the samples of brick prove that the city has acted in its proper administrative powers in directing a new pavement to be put down, apart from the other evidence.

I am quite willing to go up and look at it, but, from the evidence, I do not think it is necessary. I do not feel that because a person a long time ago put a pavement down according to the grade then established, that that grade is forever binding on the city. The court, at least, ought not to assume the duty of saying what time they shall, or shall not, change the grade. Gentlemen, this is a case in which the injunction ought to be dissolved. The testimony as offered does not show such a condition that the court ought to attempt to prevent the city from exercising its proper functions.

I do not know that I have the right to pass upon the question of material, but I think I have the right to say, from the evidence, that the present pavement is such a pavement as the city would have the right to remove. To put it in succinct form, I do not think that anybody could say that it was a pavement such as the city could not direct to be replaced.

The pictures and broken brick, without any witnesses at all, speak very loudly. There is a brick that shows a considerable hole. I do not think I ought to pass upon the material when the pavement is put down again in this proceeding; I think I ought to determine the question whether or not this pavement has shown such a condition that the city has a right to require it to be relaid. The great weight of the evidence is that it is in bad condition, not in such condition that it could not be used—of course, it could be used—but the evidence is overwhelming that it is not only of old material, but constructed of such material that it needs fixing, needs relaying, and I think the city has the right, in requiring the plaintiff to relay, to say that the pavement should conform to the present established grade. From the evidence there is no question that it does not now conform to the established grade.

I think that meets the question the city wants me to consider particularly in this case, and I am prepared to sign a decree dissolving the injunction.